**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CYNTHIA L. MINOR, | ) | CASE NO. SA CV 14-00842 RZ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| COMMISSIONER OF  SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case presents many problems for the Commissioner of Social Security. Her delegate, the Administrative Law Judge, first relied on the opinion of the medical expert because it was consistent with the opinion of the consulting examiner, then he turned around and relied on the opinion of the consulting examiner because it was consistent with the opinion of the medical expert.  Having thus used bootstraps to full advantage, the Administrative Law Judge further declared that he was not required to follow a decision of the Ninth Circuit because the Commissioner had not acquiesced in the decision.  In this Court, the Commissioner does not even address this rather bold statement of the Administrative Law Judge, which at least should have led counsel, who are officers of the Court, to stipulate to remand to make sure that the Administrative Law Judge *does* follow the rulings of the Ninth Circuit.  And the Administrative Law Judge identified a residual functional capacity that did not take into account significant mental limitations identified

in the record.  These and other various problems require that the Court reverse the Commissioner's decision.

According to the Administrative Law Judge, Plaintiff Cynthia L. Minor has severe impairments of facet arthropathy L4 through L5, sciatica, obesity and depression. [AR 15]  Contrary to the opinions of her treating psychiatrist, treating psychologist and pain management doctor, however, the Administrative Law Judge found that Plaintiff could work, performing light exertional work, with certain limitations.  [AR 17]  Finding that there were sufficiently plentiful jobs in the economy which Plaintiff could perform, the Administrative Law Judge concluded that Plaintiff was not disabled. [AR 26] This appeal followed.

In reaching this conclusion, the Administrative Law Judge relied on the opinion of the medical expert, John Morse, who looked at the file and agreed with the consulting doctor, Dr. Godes, as to Plaintiff's physical impairments and her remaining capacity.  The Administrative Law Judge gave Dr. Morse's opinion "great weight," noting that "[i]t is consistent with the examination of Dr. John Godes." [AR 18] On the next page of his decision, the Administrative Law Judge gave Dr. Godes' opinion "great weight," noting that "[i]t is consistent with the opinion of the [sic] Dr. Morse, the medical expert." [AR 19] In contrast, the Administrative Law Judge gave the opinion of Dr. Shahbazian, "the claimant's treating pain management physician," [AR 20] "little weight," citing a variety of factors.  [AR 21]  This analysis does not comport with the law of the Ninth Circuit.

Reliance on Dr. Morse for a conclusion of Plaintiff's residual functional capacity was not appropriate.  Dr. Morse did not examine Plaintiff, but instead appeared as a medical advisor to the Administrative Law Judge.  As such, his role was to make medical records understandable to the lay administrative law judge. *Richardson v. Perales*, 402 U.S. 389, 408 (1971).  He may not have been precluded from offering his opinion, but where, as here, his opinion did not differ from that of the examining physician, his opinion adds nothing. *See Vargas v. Sullivan*, 898 F.2d 293, 295-96 (2d Cir. 1990) ("The general

rule is that 'the written reports of medical advisors who have not personally examined the claimant "deserve little weight in the overall evaluation of disability. The advisers' assessment of what other doctors find is hardly a basis for competent evaluation without a personal examination of the claimant."'" *Allison v. Heckler*, 711 F.2d 145, 147-48 (10th Cir. 1983) (quoting *Woodard v. Schweiker,* 668 F.2d 370, 374 (8th Cir. 1981)) (quoting in turn *Landess v. Weinberger,* 490 F.2d 1187, 1190 (8th Cir.1974)); *see also Schisler v. Bowen, supra,* 851 F.2d, App. A at 47; *Whitney v. Schweiker,* 695 F.2d 784, 789 (7th Cir.1982).") Since Dr. Morse's opinion of residual functional capacity added nothing to the opinion of Dr. Godes, who examined but did not treat Plaintiff, the question is, does the examining physician's opinion constitute substantial evidence in support of the Administrative Law Judge's determination?

In one of many opinions discussing how various physicians' opinions are to be evaluated, the Ninth Circuit said:

> Title II's implementing regulations distinguish among the opinions of three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995); see 20 C.F.R. § 404.1527(d). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Lester*, 81 F.3d at 830; 20 C.F.R. § 404.1527(d)."

*Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). But it is not just that treating physicians generally are accorded greater deference than examining physicians, and

- 3 -

examining physicians are accorded greater deference than non-examining ones; the Ninth Circuit also has explained how to apply the concept of "substantial evidence" when the opinions conflict.   In *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007), the Court ruled as follows:

> When an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not "substantial evidence."  As we explained in *Murray* [*v.Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)], "In this case, . . . the findings of the non-treating physician were the same as those of the treating physician. It was his conclusions that differed. . . . If the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." 722 F.2d at 501-02 (emphases in original).  By contrast, when an examining physician provides "independent clinical findings that differ from the findings of the treating physician," such findings are "substantial evidence." [citations omitted]  Independent clinical findings can be either (1) diagnoses that differ from those offered by another physician and that are supported by substantial evidence, *see Allen*, 749 F.2d at 579, or (2) findings based on objective medical tests that the treating physician has not herself considered, *see Andrews*, 53 F.3d at 1041.

495 F.3d at 632.  It is this opinion which the Administrative Law Judge professed not to have to follow.  [AR 25]  Although the Administrative Law Judge's statement refusing to

- 4 -

follow *Orn* is blunt, the Commissioner does not defend it in this Court; in fact, she barely mentions *Orn* at all.  The only reference the Commissioner makes to *Orn* is a citation to a case in which the Court found that *Orn* did not apply.  Defendant's Memorandum in Support of Answer at 5:19-21.

This Court does not have the luxury of disregarding Ninth Circuit authority. The examining physician Dr. Godes did not make any independent clinical findings that differed from those of the treating physician, Dr. Shahbazian; he conducted no diagnostic tests [AR 266], and made no different diagnosis [compare AR 266 with AR 360].  Thus, he stands in the same place as the examining physician in *Orn*; his conclusions differed as to what work capacity Plaintiff retained, but those were conclusions, not findings.  Under *Orn* the conclusions of the examining physician therefore cannot stand as substantial evidence trumping the conclusions of the treating physician.

Even if the examining physician's opinion constituted substantial evidence, as *Orn* explained, that fact still would not eviscerate the opinion of the treating physician; rather, it would mean that the treating physician's opinion was not entitled to controlling weight.  It still would be entitled to deference, however, unless the Administrative Law Judge gave specific and legitimate reasons for disregarding it, which themselves were backed by substantial evidence.  *Orn, supra*, 495 F.3d at 632-33.  Here, however, the Administrative Law Judge explicitly gave the treating physician's opinion "little weight." [AR 21]  This conclusion was not backed by substantial evidence.

The Administrative Law Judge  stated that Plaintiff would have had more frequent treatment if her condition was as severe as she stated [*id*.], but there was no support for this remark; as noted, the Administrative Law Judge is a lay person, not a physician himself, *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975), and the Commissioner has not identified any doctor's opinion that more frequent treatment would be necessary to match the level of severity that the treating physician found.

The Administrative Law Judge also stated that the treating physician's opinion was not to be valued because it was inconsistent with the frequency of treatment. [*Id*.]  The

Administrative Law Judge thought that a person with such a debilitating impairment would have more than two MRI's and that she would need to attend to pain management more frequently.  [AR 21]   Again, the support for this statement is lacking; it does not necessarily follow that the problems with Plaintiff's lumbar spine would have suggested more than two MRI's, or more frequent treatment.  It may be that Plaintiff's condition had not changed between the time the two MRI's were taken; it apparently was the treating physician's judgment that the condition was sufficiently disabling as of the time of the first MRI to justify his opinion.

The Administrative Law Judge, like the medical advisor Dr. Morse [AR 36], classified Plaintiff's treatment as conservative, and the Administrative Law Judge concluded that the treating physician had overstated the limitations on Plaintiff's ability to work.  [*Id*.] Epidural injections, which the Administrative Law Judge stated Plaintiff "had just begun receiving," clearly are less conservative than medication and more conservative than surgery.  The Administrative Law Judge stated that surgery would have been suggested if the limitations had been as severe as the treating physician said, but this statement has no support in the record.  The medical advisor stated that "[t]his is a non-surgical problem," [AR 36] which may characterize the extent of the problem or the nature of the problem or the nature of this particular patient's situation or something else, but it does not mean that the treating physician would have recommended surgery if Plaintiff was as limited as he concluded.  Likewise, although the Administrative Law Judge stated that the treating physician's opinion was inconsistent with pain management notes, he did not identify any such inconsistencies.  [AR 21]

Finally, the Administrative Law Judge stated that if Plaintiff's pain were as severe as she claimed, then she would have gone to the emergency room; not having done so, then, the Administrative Law Judge concluded, the treating physician's opinion as to Plaintiff's work capability was impeached.  The Court does not follow the logic.  Many people *do* go to emergency rooms for matters that are not emergencies; and many people who have severe impairments do not go to emergency rooms at all.  There may be no

- 6 -

"emergency" in the sense that something needs to be done before a doctor can be consulted in his or her office; or there may be nothing that can be remedied by an emergency room visit. Drawing an inference about the treating physician's opinion from Plaintiff's not having visited the emergency room is not legitimate.

Taken together, these reasons do not qualify as specific and legitimate reasons to reject the treating physician's opinion, even if the examining physician's opinion could somehow be credited consistent with *Orn.*

The Administrative Law Judge also criticized the treating physician for commenting on Plaintiff's depression, stating that he was not qualified to do so because he was not a mental health professional. [AR 21] In fact, however, mental health issues often are identified and treated by physicians who are not specialists in these areas, and that fact does not disqualify those physicians from addressing those issues. *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Indeed, a physician should be aware of the entire person he is treating, just as an administrative law judge is obligated to assess impairments in combination, not just *seriatim. Carmickle v. Commissioner, Social Security Administration*, 533 F.3d 1155, 1164 (9th Cir. 2008).

The Administrative Law Judge gave very little attention to Plaintiff's mental status in his finding of her residual functional capacity, even though he had found that she had the severe impairment of depression. The only mental limitation he imposed was the she was limited to simple and repetitive tasks. [AR 17] He gave "great weight" to the opinion of the consulting psychiatrist Dr. Carlin [AR 23], and "some weight" to the opinion of Plaintiff's treating psychiatrist Dr. Eldahmy [AR 24] and her treating psychologist Dr. Eishiwick [*id.*]. (Although he gave the treating physicians' opinions "some" weight, he did not say which portions of their opinions he found wanting.) None of these sources, however, individually or collectively, placed only the single mental limitation on Plaintiff's functioning that the Administrative Law Judge did — that she is limited to simple and repetitive tasks. Even Dr. Carlin, the consultant, found that she had a moderately limited ability to relate and interact with co-workers and the public; a moderately limited ability

to maintain concentration and attention, persistence and pace; and a moderately limited ability to maintain regular attendance in the workplace and perform work activities on a consistent basis.  [AR 261]  Thus, there was an absence of substantial evidence for the finding that the Administrative Law Judge did make — that Plaintiff had the single mental limitation on her ability to function.

Taken together with the errors in connection with the treating physicians identified above, the decision of the Commissioner cannot stand.  In *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014), the Court instructed lower courts to credit as true the opinions of the treating physicians in cases like this one, and remand for an award of benefits if the record has been fully developed and further administrative proceedings would serve no useful purpose; the Administrative Law Judge failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and if the improperly discredited evidence were credited as true, the Administrative Law Judge would be required to find the claimant disabled on remand.  *Id*. at 1020. Subsequently, the Ninth Circuit refined that instruction, to permit the district court to remand for further proceedings if the district court nevertheless retained a serious doubt as to the plaintiff's claim of disability.  *Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014).  Nothing has been identified to the Court that indicates a serious doubt that fits within the *Burrell* distinction.  Accordingly, it is appropriate to remand the matter for an award of benefits.

IT IS SO ORDERED.

DATED:  March 5, 2015

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE